FILED
2012 Nov-08  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRUCE Y. PETTWAY, an individual** ) | |
| **and LAQUETTA NICOL MORRIS** ) | |
| **PETTWAY, an individual** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.:** |
| ) | |
| **v.** ) | |
| ) | |
| **WELLS FARGO BANK, NATIONAL** ) | |
| **ASSOCIATION, a/k/a WELLS** ) | |
| **FARGO HOME MORTGAGE,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COME NOW** the Plaintiffs Bruce Y. Pettway and LaQuetta Nicol Morris Pettway (hereinafter "Plaintiffs"), by and through their attorneys of record, and file their Complaint as follows:

1.  This suit is brought under the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ( "FCRA") and Alabama state law related to Plaintiffs' home loan with Defendant.

## PARTIES

2.  The Plaintiffs Bruce Y. Pettway and LaQuetta Nicol Morris Pettway are Alabama residents who live in Jefferson County, Alabama, which is in this judicial district.

1

3.   The Defendant Wells Fargo Bank, National Association a/k/a or f/k/a Wells Fargo Home Mortgage[1]  ("Wells Fargo") is a foreign mortgage company which allegedly owned, serviced, or was otherwise involved in the mortgage loan of Plaintiffs.  The principal place of business of Wells Fargo is in North Carolina and Wells Fargo is incorporated in California.

## JURISDICTION

4.   Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiffs in Alabama.

5.   Subject matter jurisdiction exists under 28 U.S.C. Sections 1331 and 1332.

6.   The Plaintiffs are citizens of Alabama.

7.   Defendant is not a citizen of Alabama.

8.   The amount in controversy is over $75,000.

## VENUE

9.   Venue is proper in this judicial district under 28 U.S.C. Section 1391(a)(2) as "a substantial part of the events or omissions giving rise to the claim" asserted occurred in this judicial district.

---

[1] The Alabama Secretary of State shows Wells Fargo Home Mortgage, Inc.'s status as "withdrawn" with it being incorporated in California.  The California Secretary of State shows Wells Fargo Home Mortgage, Inc.'s status as "Merged Out."  According to Wells Fargo Home Mortgage, Inc.'s website, it is a division of Wells Fargo Bank, N.A. (https://www.wellsfargo.com/mortgage/).

## **STATEMENT OF FACTS**

10.   Plaintiffs have never been late on their mortgage payments to Defendant Wells Fargo.

11.   Despite this, Defendant Wells Fargo has taken the position that Plaintiffs have been late since July 2011.

12.   Defendant Wells Fargo told Plaintiffs, in writing, that the payment timely made in July 2011 for the July 2011 payment would be applied to the August 2011 payment and no payment was due for the July 2011 payment.

13.   Plaintiffs made their July 2011 payment but Defendant Wells Fargo chose to allow Plaintiffs to skip the July 2011 payment due to a prior lawsuit which resulted in a confidential settlement.

14.   After the settlement of the prior litigation, Defendant Wells Fargo changed the first payment due date from July to August 2011 with the next payment being due in September 2011.

15.   Plaintiffs have paid the agreed upon amount but Defendant Wells Fargo has improperly increased the payment amounts.

16.   Plaintiffs have even paid the higher amounts to attempt to stop the false credit reporting and prevent a foreclosure on their home where they live with their children.

17.   Defendant Wells Fargo has reported Plaintiffs as being late on their credit reports.

18.   Defendant Wells Fargo, in the course of a required Fair Credit Reporting Act dispute, has reported that the trade line showing Plaintiffs as being late is accurate and truthful.

19.   Defendant Wells Fargo has reported Plaintiffs as having a government modified loan modification when this is false and Defendant has refused to remove this.

20.   Defendant Wells Fargo has told Plaintiffs in letters and in the monthly statements that Plaintiffs are late.

21.   Defendant Wells Fargo has called Plaintiffs numerous times and told them they are late and are in danger of losing their home.

22.   Defendant Wells Fargo has even repeatedly told Plaintiffs that it will foreclose on their home.

23.   Defendant Wells Fargo has sent "property inspectors" on multiple occasions to Plaintiffs' home and these inspectors have left notes for Plaintiffs at Plaintiffs' home.

24.   All of this has been done even though Plaintiffs are not, and have not ever been, late on their home loan of over $1,400,000.

25.  Defendant Wells Fargo wrote to Plaintiffs by letter dated **September 11, 2011,** and stated "We're writing to let you know that your mortgage payments are past due.  It is very important that you contact us as soon as possible to bring your mortgage current."

26.  The letter stated "The total amount required to bring your mortgage current is $18,334.26.  This amount must be received by September 16, 2011."

27.  Remarkably, the letter continued by stating "Please be aware that foreclosure action on your home may continue until your account is current or an alternative solution is reached, so we urge you to contact us right away."

28.  There was no "foreclosure action" but this is illustrative of the tactics Defendant Wells Fargo is using to intimidate Plaintiffs into paying money Plaintiffs do not owe

29.  On **September 18, 2011**, Defendant Wells Fargo wrote a letter to Plaintiffs stating "Our records indicate that your loan is in default for failure to make payments due."

30.  "Unless the payments on your loan can be brought current by October 18, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure.

31. The "Total Delinquency as of September 18, 2011" is listed as "$10,564.32."

32. On **September 19, 2011**, Plaintiffs sent a letter to Defendant Wells Fargo.

33. The letter stated "We have submitted certified letters to Equifax, Experian, and Trans Union, disputing inaccurate delinquent information regarding Wells Fargo mortgage #0003403160.  There was a refinancing of our mortgage and I have not missed any mortgage payments."

34. The letter concluded with "I request that this inaccurate information is corrected and our credit be restored immediately!"

35. Defendant Wells Fargo sent a letter dated **September 20, 2011**, to Plaintiffs stating "We understand that you may be facing challenges in keeping up with your mortgage payments."

36. The letter stated in bold print "As your mortgage loan servicer, we will work with you in an effort to make your mortgage payment affordable."

37. The letter ended with this statement "We want to make modifying your mortgage loan as easy as possible."

38. The letter then gave contact information and was apparently written by "Randy Bockenstedt" who is a Senior Vice President, Servicing of Defendant Wells Fargo.

39.   Defendant Wells Fargo wrote a letter to Plaintiffs dated **September 29, 2011,** stating "This letter is in response to your dispute about the accuracy of certain information on the above-referenced account reported by Wells Fargo to the credit reporting agencies."

40.   The account reference is "4386540240125592" which the Plaintiffs do not recognize but assume this is a typo as the only account disputed was the home mortgage.

41.   "We have completed our investigation and are making the following adjustments."

42.   "We apologize for any inconvenience this may have caused."

43.   "We have now updated the following information to the major consumer reporting agencies (Equifax, TransUnion, Innovis and Experian) on the above-referenced account:  The above referenced account is being deleted from your Credit Bureau records."

44.   The Mortgage account has never been deleted and the false information on Plaintiffs' credit reports still remains.

45.   On **October 16, 2011,** Defendant Wells Fargo wrote a letter to Plaintiffs stating "Our records indicate that your loan is in default for failure to make payments due."

46.     "Unless the payments on your loan can be brought current by November 15, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure.

47.     The "Total Delinquency as of October 16, 2011" is listed as "$10,251.45."

48.     On **October 24, 2011,** Plaintiffs sent a letter directly to Michael J. Heid, the President of Defendant Wells Fargo (Home Mortgage Division).

49.     The letter told Mr. Heid "Also, we have been verbally assaulted, insulted and embarrassed by the numerous calls to our jobs and phones.   The monthly mortgage statements have not reflected the agreed to interest rate/mortgage payment.   WELLS FARGO has ruined our credit telling the credit bureaus we are not paying the mortgage payments.   I am self employed which means me having great credit is critical[ly] essential."

50.      "I ask you to review our mortgage history; we have NEVER missed a mortgage payment.   This entire matter has been a nightmare created solely by Wells Fargo.   I am requesting letters from Wells Fargo to the credit bureaus and to creditors admitting Wells errors in this manner.   These issues are urgent and need immediate attention."

51.  On **November 20, 2011**, Defendant Wells Fargo wrote a letter to Plaintiffs stating "Our records indicate that your loan is in default for failure to make payments due."

52.  "Unless the payments on your loan can be brought current by December 20, 2011, it will become necessary to require immediate payment in full (also called acceleration) of your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust, which include foreclosure.

53.  The "Total Delinquency as of November 20, 2011" is listed as "$10,271.45

54.  Defendant Wells Fargo has continued to call Plaintiffs about the loan and has harassed Plaintiffs by claiming Plaintiffs are behind on their mortgage payments.

55.  For example, on **April 16, 2012**, at approximately 5:13 pm, "Amanda" from Defendant Wells Fargo called from a number of 1-866-412-6942.

56.  Amanda told Plaintiff Bruce Pettway that the call was being recorded.

57.  She asked Plaintiff for $19,609.29 as she said Plaintiffs had not made their February, March, and April payments.

58.  Amanda then said a payment had been received in the amount of $9,252.84 that would be posted on April 17, 2012.

59.  Amanda said this made the Plaintiffs in arrears for March and April.

60.    Plaintiff Bruce Pettway told Amanda that Plaintiffs had not missed any mortgage payments.

61.    Amanda asked Plaintiff Bruce Pettway, "What is going on to make you miss payments?"

62.    Amanda completely ignored Plaintiff's comment that Plaintiffs were not late.

63.    On **May 22, 2012**, Defendant Wells Fargo sent a "default" letter to Plaintiffs.

64.    The past due payments were listed as $18,505.68.

65.    "Other fees" were listed as $140.00

66.    "Unapplied funds" were $8,274.23.

67.    The "Total Delinquency" is shown as $10,371.45.

68.    Defendant Wells Fargo has continued to claim Plaintiffs are behind and in default as recently as the time this Complaint is filed.

69.    Defendant Wells Fargo continues to call, send letters/notices, send "inspectors" to Plaintiffs' home, and credit report in a manner consistent with the strategy of Defendant Wells Fargo to claim Plaintiffs owe thousands of dollars in past due payments and that Plaintiffs are in default on their loan when Plaintiffs are not in default.

## Damages Due to Defendant's Misconduct

70.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have and will suffer massive damages and injuries.

71.   These damages include great mental anguish, damage to reputation, loss of business opportunities, economic damages, credit denials, and Plaintiffs claim from Defendant all damages allowable under the law.

## COUNT ONE

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

72.   Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

73.   Defendant had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

74.   Defendant had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs.

75.   Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiffs as set forth in this Complaint.

76.   Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

77. It was foreseeable, and Defendant did in fact foresee it, the actions of Defendant would lead and did lead to the exact type of harm suffered by Plaintiffs.

78. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this Complaint.

79. Defendant invaded the privacy of Plaintiffs as set forth in Alabama law.

80. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

81. As a result of this conduct, action, and inaction of Defendant, Plaintiffs have suffered damages as set forth in this Complaint.

<u>COUNT TWO</u>

<u>BREACH OF CONTRACT</u>

82. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

83. Defendant breached the contracts (Note and Mortgage) with Plaintiffs and thereby caused Plaintiffs incidental and consequential damages (including mental anguish).

84. This includes the improper accounting, charges, payment processing, loss mitigation efforts, credit reporting, and threatening foreclosure.

85.   Defendant Wells Fargo has refused to properly credit payments, has falsely credit reported, has falsely threatened foreclosure, and has otherwise breached the agreements which do not give Defendant Wells Fargo the right to do any of the wrongful acts described in this Complaint.

86.   Plaintiffs have performed their obligations under the contracts.

87.   Plaintiffs claim all damages allowable under law.

## COUNT THREE

## FRAUD

88.   Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

89.   Plaintiffs had a dispute with Defendant Wells Fargo that was resolved in July 2011.

90.   The agreement called for Plaintiffs, who have never been late, to make a payment for July 2011.

91.   Plaintiffs made the July 2011 payment in July 2011.

92.   In August 2011, Defendant Wells Fargo told Plaintiffs in writing that "Wells Fargo altered the first payment deadline to August, so the check [Plaintiffs] sent a few weeks ago was for their August payment."

93.   Defendant Wells Fargo told Plaintiffs their July 2011 payment would actually be treated as the August 2011 payment.

94.    Plaintiffs relied upon what Defendant Wells Fargo promised in writing and Plaintiffs have made all payments required.

95.    The intent of Defendant was to trick by misrepresentation and suppression the Plaintiffs into believing no July payment was necessary when Defendant intended to claim Plaintiffs were in default to foreclose or extort money out of Plaintiffs that Plaintiffs do not owe.

96.    Defendant Wells Fargo immediately and continuously has treated the Plaintiffs as being behind when Plaintiffs followed Defendant's written instruction.

97.    At the time of this representation, Defendant had no intention of honoring this promise.

98.    Defendant never told Plaintiffs the truth about its intent to treat Plaintiffs as in default.

99.    Defendant suppressed the truth from Plaintiffs as Defendant knew that Plaintiffs would have taken other action if the Plaintiffs had known the truth.

100.    Plaintiffs have always paid their mortgage on time and would have made any and all required payments but for the deception of Defendant Wells Fargo.

101. The misrepresentations and suppressions concerned material facts relating to the Plaintiffs keeping their home loan current and not suffering the negative impact Plaintiffs have suffered at the hands of Defendant Wells Fargo.

102. The Plaintiffs properly relied upon the false statements and suppressions as no one else in the world would know the mind and intent of Defendant except for Defendant itself.

103. The shock, dismay, fear, anger, embarrassment, humiliation, sense of betrayal, and outrage felt and experienced in the Plaintiffs' body, mind, and heart, is difficult to describe.

104. All of the actions of Defendant Wells Fargo were taken in light of a deliberate plan, intent, and scheme to steal the Plaintiffs' home and equity.

105. It is Plaintiffs' belief that this fraud and all other wrongful actions by Defendant Wells Fargo is in retaliation for the lawsuit Plaintiffs filed against Defendant Wells Fargo previously.

106. It was always the intent of Defendant Wells Fargo to deceive Plaintiffs to give an excuse for Defendant Wells Fargo to foreclose.

107. All of the misrepresentations and suppressions of material fact were made intentionally, maliciously, recklessly, negligently, and/or innocently.

108. The Plaintiffs properly relied upon all such misrepresentations and suppressions of material facts and have been damaged thereby.

109. At all times Defendant had an obligation to speak truthfully and to not lie to Plaintiffs and to not tell half truths to Plaintiffs.

110. Defendant Wells Fargo knew at all times the devastating effect that the fraud would have upon the Plaintiffs and this is consistent with the effect that homeowners across Alabama and across this nation are experiencing from the rampant fraud committed by Defendant over the last several years.

111. Defendant has refused to express, in words or deeds, any remorse or any feelings of guilt or regret for what it has done to the Plaintiffs and what Defendant is continuing to inflict upon the Plaintiffs every day.

112. Plaintiffs claim all damages allowable under law.

## COUNT FOUR

## NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, AND/OR TRAINING

113. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

114. Defendant hired, supervised, and/or trained incompetent agents or employees who committed some or all of the wrongful acts set forth in this Complaint.

115. Defendant knew or should have known of the incompetence of these agents or employees.

116. Defendant was negligent or reckless in its hiring, supervision, and/or training which led as a direct and proximate result to the damages suffered by Plaintiffs.

117. Plaintiffs claim all damages allowable under law.

## COUNT FIVE

## INTENTIONAL AND/OR MALICIOUS CONDUCT

118. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

119. All actions of Defendant were made intentionally and/or maliciously and led to the damages of Plaintiffs as a direct proximate result.

120. Plaintiffs claim all damages allowable under law.

## COUNT SIX

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

121. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

122. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

123. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

17

15 U.S.C. § 1692(a) (emphasis added).

124. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

125. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect money not owed and thereby invaded Plaintiffs' privacy.

126. The wrongful actions of Defendant Wells Fargo have led to numerous people and companies knowing about and believing what Defendant Wells Fargo says about Plaintiffs that Plaintiffs are in default and going through or about to go through a foreclosure.

127. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the

course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

128. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

129. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

130. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

131. All acts of Defendant Wells Fargo and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT SEVEN

## VIOLATING THE FAIR CREDIT REPORTING ACT

132. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

133. Defendant Wells Fargo is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

134. Plaintiffs notified Equifax, Experian and Trans Union ("CRAs") directly of multiple disputes on the Defendant's account completeness and/or accuracy, as reported.

135. The CRAs properly notified Defendant Wells Fargo of the disputes in accordance with the FCRA.

136. Defendant Wells Fargo has been and is reporting a past due balance, missed payments, multiple accounts on same loan, government modification, and other negative items.

137. Plaintiffs have disputed the false negative information with the CRAs and Wells Fargo directly.

138. Defendant Wells Fargo refused to correct the false information and has negligently, wantonly and/or intentionally refused to properly investigate and instead Defendant Wells Fargo is continuing to falsely credit report on Plaintiffs.

139. Plaintiffs allege that Defendant Wells Fargo failed to conduct a proper and lawful reinvestigation.

140. Defendant Wells Fargo knows, from its own records, that Plaintiffs are not behind and are not in a government modification.

141. Despite knowing the truth, Defendant Wells Fargo has repeatedly informed the CRAs that Plaintiffs are behind, are in a government modification and

otherwise have negative information about their mortgage loan. All of this negative information is untrue and Defendant Wells Fargo knows this information is untrue.

142. Defendant Wells Fargo has repeatedly verified and/or responded to the disputes Plaintiffs made to Defendant and CRAs with false information about Plaintiffs.

143. The false information has caused Plaintiffs past and future monetary loss, past and future mental anguish, and all other damage that will be proved at trial.

144. All actions taken by the Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the FCRA and state law and/or that knew or should have known that its actions were in reckless disregard of the FCRA and state law.

145. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## **COUNT EIGHT**

## **DEFAMATION**

146. Plaintiffs reallege all paragraphs of this Complaint as if fully set forth herein.

147. Defendants have intentionally made and published false statements regarding defaults, late payments, and other aspects related to Plaintiffs and their loan.

148. Plaintiffs have requested in writing that the false information be corrected but Defendant Wells Fargo has refused.

149. These defamatory statements have caused injuries to Plaintiffs.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs having set forth their claims for relief against Defendant, respectfully pray of the Court as follows:

a.   That Plaintiffs recover against Defendant a sum to be determined by a jury of their peers in the form of actual, statutory, nominal, and punitive damages;

b.   That Plaintiffs recover reasonable attorney's fees, costs, expenses;

c.   That no foreclosure sale occur;

d.   That this Honorable Court declare Plaintiffs are not in breach of any contract with Defendant and there is no basis for any acceleration or foreclosure by Defendant;

e.   That Defendant be ordered to stop false credit reporting and accurately credit report on Plaintiffs; and

f.  That Plaintiffs have such other and further and proper relief as the

Court may deem just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819- T82J)**
**M. Stan Herring (ASB-1074-N72M)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiffs**

## PLAINTIFFS DEMAND A TRIAL BY JURY

**Serve defendant via certified mail at the following address**:

Wells Fargo Bank, National Association
c/o CSC Lawyers Incorporating Srv, Inc.
150 S. Perry Street
Montgomery, Alabama 36104